UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARSHALL A. DRAYTON, II, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 19-cv-1265 |
| | : | |
| BERKS COUNTY JAIL SYSTEM, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

Joseph F. Leeson, Jr.                                                      April 9, 2019
**United States District Judge**

      Plaintiff Marshall A. Drayton, II, a prisoner at the Berks County Jail who is representing himself (proceeding *pro se*), brings this civil action pursuant to 42 U.S.C. § 1983, against the Berks County Jail System, Kent Davis (Medical), Jesse Kirsh (Medical), Officer Umbenhaur, Officer Zema, Officer Spotts, Dan VanBilliard, Warden Janine Quigley, Captain Castro, the "Mail Booking Property Dpt.," and A Satter (Medical). He raises claims challenging the conditions of his confinement. Drayton also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Drayton leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

    **I.    FACTS**

      Drayton's Complaint challenges various conditions of prison life at the Berks County Jail. The facts giving rise to his claims are as follows:

> Assulted [sic], harassed, taunted, retaliated against, threatened, rights violated, discriminated against, subjected to cruel and unusual punishments, deliberate physical, mental and property damage defermated [sic], defrauded, life endangered, victimized, abused, sexually harassed, intimidated, falsely accused, reported, deliberately provide false information during an internal investigation (hate crimes) tortured treated unjustly, racially discriminated against, minoritized. [Maintenance]

failed to screw shower drain back on properly. Spotts ordered the use of excessive force shooting [assault] rifle in cell to wake me from sleep. Spotts targeted and entrapped me to cover up details of water issues. Zema, Umbenhaur excessive force, attempted murder, serious bodily injury, reposted false info to mental health authority, thrown away legal and personal mail non-contraband items not once but twice personal mail tampered. J. Kirsh said "nice groin" during a penile exam, unnecessary comment, deliberate denial of prescribed neuropain meds. K. Davis scrutinized me and coerce me to take medication that I repeatedly said it's a mix up for cholesterol. Denied breathing treatment for asthma, purposely denying mail shipment and added service fees. My food was injected with some sort of substance in retaliation and intimidate me for writing grievances on staff, oilly [sic], parsidic [sic] water system. Defrauded Administration Segregation records by overseer. As a collective including Warden try to cover up staffs conduct and unexcusable behavior. The facility has 24 hr Audio & video surveillance everywhere in building (suppres[s] evidence)

(Compl. at 6.)[1]

Drayton claims to have suffered injuries in the form of a gash in his foot from the shower, a knot on the back of his head "when slammed down handcuffed behind back already," bruises, increased "neuro siatic pain in spine," stiffness in his neck, swelling in his abdomen, additional problems with his neck and shoulder, and respiratory problems. (*Id.*) As relief, Drayton seeks $6 million in damages, "deeds to the estate," a criminal prosecution, and additional assets. (*Id.*)

## II. STANDARD OF REVIEW

As Drayton is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

allegations do not suffice. *Id.* As Drayton is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

**III. DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). For the following reasons, Drayton's Complaint fails to state a claim as pled.

**A. Generalized Allegations**

A major defect in Drayton's Complaint is Drayton's reliance on conclusory terms to state his claims without any supporting facts describing who harmed him, how they harmed him, and when and where the events giving rise to his claims took place. For example, he alleges he was harassed, retaliated against, and subjected to excessive force and cruel and unusual punishment. However, those are conclusions, and Drayton has not supported those conclusions with facts such as who did what, when the events giving rise to his claims occurred, and how he was injured. Accordingly, many of Drayton's unsupported allegations fail to state a claim.

Another major defect in Drayton's Complaint is his failure to allege how most of the Defendants were involved in the events giving rise to his claims. "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014),

3

*reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* "[T]he level of intent necessary to establish supervisory liability will vary with the underlying constitutional tort alleged," and is deliberate indifference in the case of Eighth Amendment claims. *Id.* at 319.

Because of the brief and generalized nature of many of Drayton's allegations, it is not clear how, if at all, most of the Defendants participated in the violation of his constitutional rights. Indeed, some of the Defendants are not mentioned at all in the body of the Complaint. Drayton's allegation that the Warden tried to "cover up" her staff's conduct is far too generalized to state a plausible claim against the Warden or to even put her on notice as to the nature of Drayton's claims against her. The large number of Defendants and the fact that the conduct giving rise to Drayton's claims appears to involve numerous unrelated incidents also confuses and complicates any understanding of his claims, including which claims are brought against each Defendant. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014).

Drayton also has not stated a claim against the "Mail Booking Property Dpt" because jails and their departments are not considered persons for purposes of § 1983. *See Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009) ("[A] prison or correctional facility is not a 'person' that is subject to suit under federal civil rights

4

laws."); *see also Collins v. S. Central Reg'l Jail*, No. 2:16-cv-08015, 2018 WL 3550112 (S.D. W. Va. June 25, 2018) (noting that a regional jail's maintenance department was not a person under § 1983), *Report and Recommendation adopted by* 2018 WL 3543080 (S.D. W. Va. Jul. 23, 2018). Nor has he stated a claim against the Berks County Jail System because municipal entities are only liable under § 1983 if a policy or custom caused the claimed constitutional violations and there is no suggestion of any such policy or custom here. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009) (a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard). Furthermore, to the extent Drayton is seeking the imposition of criminal charges, the Court cannot direct that relief. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (3d Cir. 2013) (per curiam) ("[T]here is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 636 (E.D. Pa. 2014) ("[F]ederal courts lack the power to direct the filing of criminal charges."), *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (per curiam).

**B. Specific Allegations**

Although most of Drayton's allegations are too generalized to link to a given Defendant, the Court is able to identify, and therefore address, some of Drayton's more specific allegations that appear to pertain to specific Defendants or discuss specific conduct.

Drayton alleges that "[Maintenance] failed to screw shower drain back on properly" and suggests he was injured in the shower. (Compl. at 6.) However, this allegation amounts at most to negligence, and negligent conduct which causes unintended injury to an inmate does not amount to a constitutional violation. *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986);

5

*Daniels v. Williams*, 474 U.S. 327, 328 (1986). Accordingly, any claims based on the failure to properly screw on the shower drain must be dismissed.

Drayton also alleges that Officer Spotts "ordered the use of excessive force shooting [assault] rifle in cell to wake me from sleep" and "entrapped me to cover up details of water issues." (Compl. at 6.) The second allegation is too conclusory to state a plausible constitutional claim against Officer Spotts, as it is not clear what Officer Spotts is alleged to have done or not done that could lead to a constitutional claim. However, Drayton will be permitted to proceed on his excessive force claim against Officer Spotts at this time.

As to Defendants Zema and Umbenhaur, Drayton states that those Defendants are liable for "excessive force, attempted murder, serious bodily injury, repost[ing] false info to mental health authority, throw[ing] away legal and personal mail non-contraband items not once but twice personal mail tampered." (Compl. at 6.) Many of those allegations are, again, conclusory and do not plausibly allege that Zema or Umbenhaur, by virtue of specified acts or omissions, violated Drayton's rights. Additionally, the disposal of Drayton's property does not give rise to a constitutional claim. *See Brown v. Warden Pike Cty. Corr. Facility*, 693 F. App'x 176, 177 (3d Cir. 2017) (per curiam) ("Adequate post-deprivation remedies include prison grievance programs and state tort law."); *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. 2010) (per curiam) ("[D]eprivation of inmate property by prison officials does not state a cognizable due process claim if the prisoner has an adequate post-deprivation state remedy."). While the disposal of Drayton's legal property could give rise to a claim for denial of access to the courts if he had been impeded from pursuing a non-frivolous claim in court, his Complaint makes no such

6

allegation. *See, e.g.*, *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (explaining that "[a]ctual injury [sufficient to establish an access to the courts claim] occurs when a prisoner demonstrates that a 'nonfrivolous' and 'arguable' claim was lost because of the denial of access to the courts." (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Finally, Drayton's allegations about two instances in which his personal mail was "tampered" with are conclusory and, even liberally construed, do not give rise to a constitutional claim. *See Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995), *abrogated on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996); *Johnakin v. Berks Cty. Jail Sys.,* No. 18-CV-749, 2018 WL 2352510, at *5 (E.D. Pa. May 21, 2018) ("Two instances of confiscated mail do not on their own give rise to a constitutional violation."). In sum, none of Drayton's allegations against Zema and Umbenhaur state a plausible basis for a claim.

Drayton alleges that Defendant Kirsh "said 'nice groin' during a penile exam" and denied Drayton "prescribed neuropain meds," and that Defendant Davis "scrutinized" him and coerced him "to take medication that I repeatedly said it's a mix up for cholesterol." (Compl. at 6.) "Allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the inmate is a pretrial detainee or sentenced prisoner." *Brown v. Hamilton Police Dep't*, No. CIV. A. 13-260 MAS, 2013 WL 3189040, at *2 (D.N.J. June 21, 2013), *aff'd sub nom.*, *Brown v. Hamilton Twp. Police Dep't Mercer Cty., N.J.*, 547 F. App'x 96 (3d Cir. 2013); *Maclean v. Secor*, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995) ("It is well established that verbal harassment or threats will not . . . without some reinforcing act accompanying them, state a constitutional claim."). Accordingly, Kirsh's comment, even if inappropriate, does not give rise to a constitutional claim.

Kirsh and Davis would be liable to Drayton if they acted with deliberate indifference to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).[2] A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Drayton suggests that Davis may have "coerced" him to take improper medication, but his allegation is so brief and unclear that it does not plausibly suggest that Davis acted with deliberate indifference to Drayton's health or safety. Drayton's allegations against Kirsh are somewhat clearer but amount to only one sentence fragment, i.e., "deliberate denial of prescribed neuropain meds." (Compl. at 6.) The nature of Drayton's underlying medical need is not clear, nor are the circumstances surrounding Kirsh's alleged denial of medication to Drayton. Accordingly, the Court will dismiss these claims.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Drayton's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with the exception of his excessive force claim against Officer Spotts based on his allegation that Officer Spotts directed the shooting of an assault rifle into his cell to wake him up. As it is possible that Drayton could amend the dismissed claims, he will be given an opportunity to file an amended complaint in accordance

---

[2] It is unclear from the Complaint whether Drayton was a pretrial detainee or convicted inmate at the time of events giving rise to his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005) (explaining that the Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims of deliberate indifference to medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam).

8

with the Court's Order, which follows.  If Drayton fails to file an amended complaint, his Complaint will only be served on Officer Spotts.

                        **BY THE COURT:**

                        */s/ Joseph F. Leeson, Jr.*
                        **JOSEPH F. LEESON, JR.**
                        **United States District Judge**