UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

MARSHALL A. DRAYTON, II, :
                Plaintiff, :
                 :
      v. :   NO. 5:19-1265
                 :
SERGEANT SPOTTS,[1] :
                Defendant. :
_____

**O P I N I O N**
***Sua Sponte* Dismissal of Plaintiff's Complaint**

**Joseph F. Leeson, Jr.**                                                       **October 11, 2019**
**United States District Judge**

## I.     INTRODUCTION & BACKGROUND

Marshall Drayton, proceeding *pro se*, commenced this action on March 25, 2019, alleging mistreatment at the hands of several officials at the Berks County Jail. *See generally* Compl., ECF No. 2. At the time of the filing of the Complaint, Drayton, who was incarcerated at the Berks County Jail, filed a motion for leave proceed *in forma pauperis*. ECF No. 1. On April 9, 2019, this Court issued an Order granting Drayton leave to proceed *in forma pauperis*. ECF No. 6. However, the Court simultaneously dismissed, without prejudice, each of his claims for failure to state a claim with the exception of his claim for excessive force against Defendant Spotts. *Id*. The Court granted Drayton thirty (30) days to file an amended complaint. *Id.*

On May 16, 2019, upon observing that Drayton had failed to file an amended Complaint, the Court issued an Order directing the Clerk of the Court to terminate all Defendants except for

---

[1]     Defendant Spotts is incorrectly identified in the Complaint as an officer. Additionally, officer is incorrectly spelled "Offcier" on the docket. Defendant's correct title is Sergeant Spotts.

Defendant Spotts, against whom Drayton's excessive force claim remained pending. ECF No. 8. The May 16 Order also reiterated several directives contained in the Court's guidelines sent to *pro se* litigants, a copy of which Drayton was previously served.[2] *Id*. Specifically, the Court's May 16 Order reminded Drayton that all original pleadings and other papers were to be served on the opposing party with proof of service to be filed with the document; that any request for court action was to be made by motion; and, that Drayton was to notify the Clerk's Office whenever his address changed, explaining that "[f]ailure to do so . . . could affect [his] legal rights." *Id*.

On July 16, 2019, Defendant Spotts moved to dismiss Drayton's excessive force claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). ECF No. 13. Drayton did not respond to the motion to dismiss, and on September 5, 2019, the Court issued an Order advising that Drayton had until September 20, 2019, to respond to the motion, and that failure to respond may result in the motion being granted and the Complaint being dismissed without further notice. ECF No. 14. The September 5 Order was, like all previous Orders, subsequently mailed to Drayton at the Berks County Jail, the only location the Court has had on record for him. However, on September 18, 2019, the Order was returned to the Clerk's Office with a notation indicating that it could not be delivered because Drayton was no longer in custody at the Berks County Jail.

On its own initiative, the Court conducted a search of Pennsylvania correctional facilities in an attempt to locate Drayton's whereabouts. This search revealed that an individual named Marshall Drayton, aged 31, who was incarcerated at the Berks County Jail, had at the time of the

---

[2] The *pro se* guidelines appear on the docket at ECF No. 4.

Court's inquiry a custody status of "Out of Custody," the reason being "Sentence served." The Court is confident that this individual is the Plaintiff in this case.

## II.     LEGAL STANDARD

A district court's authority to *sua sponte* dismiss a proceeding where a party fails to prosecute its claims derives from a court's inherent authority to control its own proceedings. *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) ("The power to dismiss for failure to prosecute . . . rests in the discretion of the trial court and is part of its inherent authority to prevent undue delays in the disposition of pending cases and to avoid congestion in its docket."). Indeed, this inherent authority "has been expressly recognized in Federal Rule of Civil Procedure 41(b)."[3] *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). In the Third Circuit, a district court may exercise its inherent authority and dismiss a case for failure to prosecute where the following factors weigh in favor of dismissal:

> (1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 194 (3d Cir. 2010) (emphasis in original) (quoting *Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984)). While dismissal for failure to prosecute must be a sanction of last resort, "where a plaintiff's actions

---

[3]     Although Rule 41(b) is an expression of the courts' long-recognized, inherent authority to control its proceedings, *sua sponte* dismissals are not governed by that Rule. *See Link*, 370 U.S. at 630-31 ("We do not read Rule 41(b) . . . to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant . . . . The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

amount to the willful refusal to prosecute or blatant failure to comply with a district court order, dismissal for failure to prosecute is appropriate." *Roberts v. Ferman*, 826 F.3d 117, 123 (3d Cir. 2016)

## III. ANALYSIS

The Court finds that in their totality, the *Poulis* factors outlined above—personal responsibility, prejudice to adversaries, history of dilatoriness, willfulness, alternative sanctions, and meritoriousness of the claims—weigh in favor of dismissal of Drayton's Complaint.

As to the first factor, Drayton "proceeded *pro se,* so the responsibility for any failure to prosecute falls on him." *In re Buccolo*, 308 F. App'x 574, 575 (3d Cir. 2009). This factor therefore weighs in favor of dismissal.

Next, the Court finds that Drayton's effective abdication of this case leaves Spotts no avenue to facilitate a defense against the remaining excessive force claim, and he is prejudiced as a result. *See Palmer v. Rustin*, No. CIV.A. 10-42, 2011 WL 5101774, at *2 (W.D. Pa. Oct. 25, 2011) ("The prejudice that will be suffered by Defendants by allowing this case linger for an indefinite period of time due to Plaintiff's failure to prosecute, without any mechanism for serving motions or orders on Plaintiff, is obvious."). As such, the second *Poulis* factor weighs in favor of dismissal.

As to the third factor, the two directives this Court has given Drayton—to file an amended complaint and to respond to Defendant's motion to dismiss—appear to have been disregarded, indicating to the Court a history of dilatoriness. *See Bembry-Muhammad v. Greenberg*, No. CV 15-8829, 2016 WL 4744139, at *2 (D.N.J. Sept. 12, 2016) ("[B]y missing all of the deadlines imposed by this Court, the Appellant has shown a history of dilatoriness."). As such, the third factor weighs in favor of dismissal.

The same circumstances also leave the Court unable to draw any conclusion other than that Drayton's failure to prosecute this action has been willful. *See id*; *Hayes v. Nestor*, No. CIV. 09-6092, 2013 WL 5176703, at *5 (D.N.J. Sept. 12, 2013) ("[A] consistent failure to obey orders of the court, at the very least, renders a party's actions willful for the purposes of the fourth Poulis factor."). What's more, Drayton's failure to keep the Court apprised of his mailing address following his release from the Berks County Jail, notwithstanding the Court warning him—twice[4]—that failure to do so could affect his legal rights, is further evidence that his failure to prosecute his remaining claim has been willful. Consequently, the fourth factor is satisfied in favor of dismissal.

With respect to the existence of alternative or lesser sanctions, "cases construing *Poulis* agree" that where a court is "confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative." *Merrill v. United States*, No. 1:13-CV-2061, 2015 WL 2095321, at *2 (M.D. Pa. May 5, 2015). In the instant circumstances, the Court finds that lesser sanctions would have no effect on Drayton's interest in prosecuting this case. *See Hayes*, 2013 WL 5176703, at *5 ("Based on Plaintiff's continued non-compliance with court orders, repeated failure to participate in discovery, and failure to respond to Defendants' motions to dismiss . . . . [t]he Court finds that alternative sanctions would have no effect on Plaintiff's compliance with court orders, her discovery obligations, or her interest in litigating this case."); *Genesis Eldercare Rehab. Servs., Inc. v. Beam Mqmt., LLC,* No. 07–1843, 2008 WL 1376526, at *2 (E.D. Pa. Apr.9, 2008) (finding that sanctions other than default would

---

[4] Drayton was made aware of his obligation to keep the Court "advised of [his] current address" at the outset of the case in the *pro se* guidelines, ECF No. 4, and again in the Court's Order of May 16, 2019. ECF No. 8.

be insufficient where defendant "demonstrated its complete neglect of its obligations as a litigant in this matter"). As such, the fifth *Poulis* factor weighs in favor of dismissal.

Finally, the Court considers the sixth *Poulis* factor—whether Drayton's remaining claim of excessive force has merit. The Court acknowledges that this claim is not facially meritless.[5] However, "it is unclear whether his claims would survive summary judgment. As such, this factor weighs neither for nor against dismissal." *Palmer*, 2011 WL 5101774, at *2.

## IV. CONCLUSION

Because the totality of the *Poulis* factors weigh in favor of dismissal, Drayton's Complaint is dismissed, with prejudice. An Order to this effect follows this Opinion.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[5] This claim, which is based upon an allegation that Defendant Spotts directed the shooting of an assault rifle into Drayton's cell to wake him up, was the only claim the Court declined to dismiss at the outset of the litigation pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). *See* ECF No. 5.